**BANNING LLP**
William L. Banning, CA State Bar No. 75757
wbanning@banningllp.com
Jessica L. Voss, CA State Bar No. 247033
jvoss@banningllp.com
402 West Broadway, Suite 1790
San Diego, California 92101
Telephone: (619) 230-0030
Facsimile: (619) 230-1350

Attorneys for Plaintiff,
MAURICIO SOSA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICIO SOSA,<br><br>    Plaintiff,<br><br>vs.<br><br>M/Y NICE TRY (ex. ON THE EDGE), U.S.C.G. Official Number 1110009, her engines, tackle, apparel, furniture, and appurtenances, *in rem*, SCOTT PFEIFFER, a citizen of Arizona, NICE TRY, LLC (f.k.a ON THE EDGE, LLC), an Arizona Limited Liability Company, IRA RONALD CADWELL, an individual of unknown citizenship, SONORA WEST DEVELOPMENT, INC., an Arizona corporation, CCBILL, LLC, an Arizona Limited Liability Company, *in personam*, and, and DOES 3 through 20, inclusive,<br><br>    Defendants. | Case No. 10-CV-280 JAH (BLM)<br><br>**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF DEFENSE EXPERT DAVID LOPEZ FILED IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON ALL OF PLAINTIFF MAURICIO SOSA'S CLAIMS, OR IN THE ALTERNATIVE MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff MAURICIO SOSA hereby submits his Reply to Defendants' Opposition to Motion to Strike Motion to Strike Declaration of Defense Expert David Lopez Filed in Support of Defendants' Motion for Summary Judgment on All of Plaintiff Mauricio Sosa's Claims, or in the Alternative Motion for Partial Summary Judgment ("Defendants' Opposition").

**I.    INTRODUCTION**

Defendants, for strategic reasons, wilfully refused to produce to Plaintiff an expert report with evidentiary support for Defendants' retained Mexican law expert David Lopez as required by Federal Rules of Civil Procedure ("FRCP") Rule 26(a)(2)(B). An expert report under FRCP Rule 26(a)(2)(B) for Mr. Lopez was due on December 3, 2011, according to this Court's October 12,

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF
DEFENSE EXPERT DAVID LOPEZ    CASE NO. 10-CV-280 JAH (BLM)

1

2011, Order Granting in Part Joint Motion to Amend Case Management Conference Order Regulating Discovery and Other Pretrial Proceedings [Docket No. 81] ("Amended CMC Order"). Defendants' wilful refusal to produce a timely expert report for Mr. Lopez was also a failure by Defendants to comply with the requirement of FRCP Rule 44.1 that an opposing party be given notice of a party's intent to invoke foreign law in a manner that avoids unfair surprise[1/]

Instead of producing an expert report for Mr. Lopez on December 2, 2011, with supporting documentation Defendants waited until the filing of their MSJ Motion on March 2, 2012 at 11:20 p.m., to disclose Mr. Lopez' opinions. March 2, 2012, was the last day to file motions in this case and long after the discovery cut off.

## II. FOREIGN LAW EXPERTS, PARTICULARLY THOSE WHO TESTIFY BEYOND THE *CONTENT* OF FOREIGN LAW ARE SUBJECT TO THE DISCOVERY RULES AND MUST PRODUCE A REPORT UNDER FRCP RULE 26(A)(2)(B) OR BE BARRED FROM TESTIFYING AT A MOTION OR TRIAL.

Defendants Opposition Brief tries to circumvent FRCP Rules 26 and 37 by arguing that the disclosure requirements of FRCP Rule 26 and the Amended CMC did not require Defendant to produce an expert report for Mr. Lopez because he was only testifying about Mexican law and not about facts to be tried to the jury. First, Defendants should be judicially estopped to raise this argument as Defendants already by conduct admitted that FRCP Rule 26 disclosure rules and the requirements of the Amended CMC Order govern the disclosure of David Lopez. Defendants served Plaintiff with a FRCP Rule 26(a)(2)(a) expert designation for David Lopez on November 30, 2011. (See Exhibit 4 to Voss Declaration filed in Support of Plaintiff's Motion to Strike).

Second, the intent of FRCP Rule 44.1 is clear. The court can seek information about the *content* of foreign law from sources that otherwise would be inadmissible under the Federal Rules of Evidence and *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The purpose of

---

[1/]*See,* FRCP Rule 44.1 Advisory Committee Notes (1966) [To avoid unfair surprise, the *first sentence* of the new rule requires a party who intends to raise an issue of foreign law shall give notice thereof. . . The stage which the case had reached at the time of notice, the reason proffered by the party for his failure to give earlier notice, and the importance to the case as a whole of the issue of foreign law sought to be raised, are among the factors which the court should consider in deciding a question of the reasonableness of notice."]

---

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF
DEFENSE EXPERT DAVID LOPEZ                                    CASE NO. 10-CV-280 JAH (BLM)

2

an expert witness in foreign law is to aid the court in determining the *content* of the applicable foreign law not to apply the law to the facts of the case. *Minebea Co. v. Papst*, 444 F. Supp 68, 182, 184 (D.C.D.C. 2006). [foreign law expert applying German law to facts is not a statement of German law and not the proper role of expert witness under FRCP Rule 44.1]. Mr. Lopez' declarations demonstrate that he is not just an expert who testifying under FRCP Rule 44.1 about the *content* of foreign law to aid the court in determining the content of the Mexican law in this case. Rather he is a retained expert who has extensively applied the law to the fact of the case as well as drawn conclusions from the underlying facts and has opined on the ultimate facts in issue in the case that must be decided by a jury. Mr. Lopez is no different that any other retained expert witness under FRCP 26(a)(2)(B).

Third, it is critical for the Court to remember that Defendants' MSJ Motion raises a classic situation involving several mixed questions of law and fact. It is true the court under FRCP Rule 44.1 decides as a matter of law the *content* of the foreign law, however, a determination of whether *res judicata* or collateral estoppel applies to a given case is a mixed question of law and fact. A party asserting the defense of res judicata or collateral estoppel has the burden of pleading and proving the defense. *See*, *Davis & Cox v. Summa Corporation*, 751 F. 2d 1507, 1518-19 (9th Cir. 1985) (superceded on other grds by 28 U.S.C. §1961). If the *res judicata* or collateral estoppel effect of previous actions depends on disputed facts (e.g relationship between parties, content of underlying record or judgment, intent of the parties in withdrawing suit, nature of the underlying claims etc.) summary judgment is improper. *See, Ayers v. City of Richmond*, 895 F.2d 1267, 1270 (9th Cir. 1990); *Robi v. Five Platters, Inc.*, 918 F.2d 1439, 1441-42 (9th Cir. 1990); *Davis & Cox v. Summa Corporation*, 751 F. 2d at 1518-19. Moreover, whether a foreign person is a seaman for purposes of the Jones Act is also a mixed question of law and fact. *McDermott Int'l Inc. v. Wilander,* 498 U.S. 337 (1991). And under the Jones Act, a seaman is entitled to a jury trial of all facts in material dispute.

At issue in the MSJ Motion are the underlying facts upon which Defendants base their defense of *res judicata* and collateral estoppel and their defense that Plaintiff was not a seaman under the Jones Act. At issue, among other facts, are the facts concerning the events that took place during

---

3

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF
DEFENSE EXPERT DAVID LOPEZ                                CASE NO. 10-CV-280 JAH (BLM)

Plaintiff Sosa's employment by Nice Try LLC; the events that took place in the Mexican Labor Court; the content of the record of the Mexican Labor Court; the intent of the Mexican Labor Court; Sosa's intent as expressed in the documents filed with the Mexican Labor Court; the relationships between Cadwell and Pfeiffer and Nice Try LLC, the legal owner of the vessel and Sosa's employer; the public policies of the Mexican government; the practices of the Mexican Labor Court; and, how a Mexican Labor Court would apply the facts of this case to the law are contested facts. Defendants realized that the issues presented by the MSJ Motion were mixed questions of law and fact and therefore they had Mr. Lopez testify in his declarations to not just the content of Mexican law but also to many sweeping factual and legal conclusions that embrace many of the ultimate facts and legal issues to be decided by the jury in this case.

There is no exception in FRCP Rule 26 for expert witnesses called to provide information or opinions about foreign law, the application of foreign law to the facts of a case or the customs and practices of a foreign court or government. As the District Court Evans stated in *Schablonentechnik v. MacDermid Graphic Arts, Inc.,* 2005 WL 5974438 (N.D. Ga 2005), while ruling on a Motion to Preclude Experts in a contract action:

> Rule 44.1 gives district courts wide latitude in determining issues of foreign law. Even so, Plaintiff offers no case law or other logical support for the proposition that Rule 44.1 permits the disclosure of experts on foreign law with complete disregard for the scheduling order or expert disclosure rules. *See Silberman v. Innovation Luggage, Inc.* 2002 WL 31175226 *2 (S.D.N.Y. 2002) ('it has commonly been recognized that legal experts fall with the requirements of Rule 26(a)(2)'). Plaintiff's late disclosures of experts on foreign law presents the court with the same problem as Plaintiff's other late expert disclosures: Defendants have a right to depose these experts if the are to be allowed.

Fundamental fairness, the policy behind FRCP Rule 26 expert disclosures and FRCP Rule 44.1 require a party to disclose the identity and opinions of foreign law and practice experts like Mr. Lopez. Courts routinely require a party to make their foreign law expert available for deposition, particularly where the experts declarations make factual and legal conclusions as does Mr. Lopez. District Court Judge Baker in the massive litigation entitled: *Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation*, 131 F. Supp 2d 1027, 1031 (S.D. Ind. 2001) found that experts on foreign law are subject to the discovery rules like any other expert:

> In support of the motions to dismiss, Defendants have included affidavits from a number of foreign law experts. . . Plaintiff seek to depose these foreign law experts

---

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF
DEFENSE EXPERT DAVID LOPEZ                                    CASE NO. 10-CV-280 JAH (BLM)

4

and to conduct other expert discovery. . . Defendants object, arguing that the experts' affidavits address only questions of law, which are inappropriate subjects of discovery. Defendant's objection at 10.

The Court sees no reason to prohibit Plaintiff deposing Defendants' experts. Much of the experts' affidavits to attest to legal issues. For instance, Rengel states:

> Civil Practice in Venezuelan courts is primarily governed by the Venezuelan Code of Civil Procedure, which establishes the rules applicable to the filing of complaints, attachments and other preliminary measures, service of summons, answers to complaints, appeal and execution of judgments, and other aspects of civil procedure.

Rengel Declaration ¶ 7. However, the expert declarations also make sweeping conclusions based on the statement of law they set forth. In fact the above quote from Rengel concludes with the assertion that "[i]n all these respects, Venezuelan law comports with recognized standards of due process.' *Id.* Discovery on the basis for this conclusion and on Rengel's qualifications to reach such a conclusion is certainly appropriate here, as it is generally for the testimony of experts.

*Bridgestone/Firestone, Inc. ATX, ATX II and Wilderness Tires Products Liability Litigation*, 131 F. Supp 2d at 1031.

Other courts have similarly so held. See also, *Haarhuis v. Kunnan Enterprises, Ltd.*, 223 B.R. 252, 257 (D.D.C. 1998)[party allowed to depose expert witness who made conclusory statements about foreign law]*; Huang v. All Crematory Corp.,* 2002 WL 34370241 (N.D. Ohio 2002) [foreign law expert excluded from testifying if not made available for deposition]; *Base Metal Trading S.A. v. Russian Aluminum*, 2002 WL 987257 (S.D.N.Y. 2002)[Plaintiff permitted to investigate the basis of opinions of defendants foreign law expert before being required to respond to motion to dismiss].

Defendants cites two cases in support of its contention that foreign law experts are not required to produce reports under FRCP Rule 26(a)(2)(B) or otherwise subject to the discovery rules. *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 177 F.R.D. 245 (D. New Jersey 1997) [Magistrate Judge Rosen] and *Universal Trading & Investment v. Kiritchenko*, 2007 WL 2141296 (N.D Ca 2007)[Magistrat Judge LaPorte]. In fact, *Lithuanian Commerce* stands for the proposition that FRCP Rule creports are required for foreign law experts. " The purpose for 'requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. at 253-254. Judge Rosen in

---

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF
DEFENSE EXPERT DAVID LOPEZ                                    CASE NO. 10-CV-280 JAH (BLM)

*Lithuanian* found that Rule 26 disclosure rules applied to foreign law experts but that the admissibility rules set forth in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) do not as FRCP Rule 44.1 allows the judge to consider evidence that would be otherwise inadmissible under *Daubert.*

The *Universal* case, an unreported decision by a Judge Magistrate case does not relieve Defendants of its obligation to timely provide Plaintiff with a report from Mr. Lopez either. *Universal* only stands for the proposition that when an expert is giving testimony *solely* concerning the *content* of foreign law then, in Judge La Porte's view, a FRCP Rule 26(a)(2)(B) report for that expert is not required. Professors Wright and Miller disagree with Judge La Porte and state that FRCP Rule 26 and the other discovery rules do not apply to foreign law experts and require FRCP Rule 26(a)(2)(B) reports for all foreign law experts:

> Discovery is available to the parties in preparing themselves on issues of foreign law. Oral and written examinations, interrogatories to parties and requests for admission often are used to redefine and sharpen disputed issues, to record expert testimony on foreign law, to determine the positions taken by the opposing party's expert, and to gather information and foreign legal materials. fn. 33
>
> fn. 33"[A] party is entitled to discovery regarding it adversary's foreign law expert, just as it is entitled to discovery regarding any other type of expert.' *Silberman v. Innovation Luggage, Inc.,* D.C.N.Y. 2002 2002 WL 31175226, *1-2 (for citation rules see Second Circuit Rules §0.23)(declaring that Rule 44.1 does not preempt Rule 26).

Wright and Miller, *Federal Practice and Procedure*, §2444, pp. 355-56

Regardless, *Universal* is distinguishable from the instant case because Mr. Lopez did not just give a declaration that *solely* set forth the *content* of Mexican law but made factual conclusions, applied the law to the facts, described the conditions in foreign country and made conclusions on the ultimate issues in the case that are to be decided by the jury. Mr. Lopez' declarations are no different than any other retained experts declarations and a Rule 26(a)(2)(B) report should have been timely served on Plaintiffs.

## III. FEDERAL RULE OF CIVIL PROCEDURE RULE 37(c) SANCTIONS ARE SELF EXECUTING

FRCP Rule 37(a)(3)(A) provides **a self executing sanction** for the failure to make disclosures as required by FRCP Rule 26(a) without need the need for a motion to compel. *See,* Advisory Committee notes to FRCP Rule 37 (1993 Amendments). The party facing sanctions (not the party

6

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF
DEFENSE EXPERT DAVID LOPEZ                    CASE NO. 10-CV-280 JAH (BLM)

seeking sanctions) has the burden of proving its failure to comply with Rule 26 was "substantially justified" or "harmless."*Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d at 1101, 1106 (9th Cir. 2001). The Ninth Circuit case of *Yeti By Molly Ltd.* is illustrative and involved a party's failure to produce timely expert reports and holds that the application of FRCP Rule 37 is "automatic" in circumstances such as those in the instant case:

> This particular subsection [FRCP 37(c)(1)], implemented in the 1993 amendments to the Rules, is recognized broadening of the sanctioning power. *Klonoski v. Mahlab,* 156 F.3d 255, 269 (1st Cir. 1998) ("[T]he new rule clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule. . . .") The Advisory Committee Notes describe it as a "self executing," "automatic" sanction to "provide [ ] a strong inducement for disclosure of material . . . ." Fed. R.Civ.P. 37 advisory committee note (1993). Courts have upheld the use of the sanction even when a litigant's entire cause of action or defense has been precluded. *Ortiz-Lopez,* 248 F.3d at 35 ( although the exclusion of an expert would prevent plaintiff from making out a case and was "a harsh sanction to be sure," it was "nevertheless within the wide latitude of " Rule 37(c)(1). Thus, even though Deckers never violated an explicit court order to produce the Vuckovich report and even absent a showing in the record of bad faith or willfulness, exclusion is an appropriate remedy for failing to fulfil the required disclosure requirements of Rule 26(a).

*Yeti By Molly Ltd. v. Deckers Outdoor Corporation,* 259 F.3d at 1106

**IV. THE FAILURE TO PRODUCE A TIMELY REPORT FOR DAVID LOPEZ WAS WITHOUT SUBSTANTIAL JUSTIFICATION, WAS WILFUL, IN BAD FAITH AND NOT HARMLESS.**

Filed herewith and incorporated herein by this reference is the Declaration of William L. Banning in Support of Plaintiff's Reply in Opposition to Defendants Opposition to Motion to Strike Declaration of Defense Expert David Lopez Filed in Support of Defendants' Motion for Summary Judgment on All of Plaintiff Mauricio Sosa's Claims, or in the Alternative Motion for Partial Summary Judgment ("Banning Dec."). As set forth in the Banning Dec., there is no substantial justification for Defendants' failure to serve Plaintiff with an expert report from Mr. Lopez and said failure was not harmless.[2]

---

[2] Filed herewith in support of this reply brief and in sur-reply to Defendants' reply to Plaintiff's opposition to the MSJ Motion is the Supplemental Declaration of Plaintiff's Mexican Law Expert, Attorney Enrique Arturo Maldonado-montfort ("Maldonado Supp. Dec."). The contents of Maldonado Supp. Dec. could not be filed earlier because Defendant waited until filing its brief in reply to Plaintiff's opposition to the MSJ Motion to have Mr. Lopez express the remainder of his opinions in this case. Had a FRCP Rule 26(a)(2)(B) report from Mr. Lopez been timely served, Plaintiff would have been able to file the contents of the Maldonado Supp. Dec. in opposition to the MSJ Motion and there would have been no need for a Motion to Strike the declarations of Mr. Lopez. Plaintiff

A. <u>No Substantial Justification Exists for the Failure to Provide Plaintiff with an Expert Report from Mr. Lopez and the Documents He Relied Upon to Support His Opinions As Defendants Failure to Disclose Was Willful and Prima Facie Bad Faith.</u>

Plaintiff received a FRCP Rule 26(a)(2)(A) expert designation for Mr. Lopez on November 30, 2011, but never received a FRCP Rule 26(a)(2)(B) report for Mr. Lopez nor any of the documents in support of Defendants' *res judicata* defense as required by FRCP Rule 26(a)(1)(A). When no report was received for Mr. Lopez, Plaintiff determined it was unnecessary to use any of the additional Mexican law experts that he had previously designated. Plaintiff timely served Defendants with FRCP Rule 26(a)(2)(B) expert reports from all his experts on December 2, 2011 for Included in those reports was a report from Plaintiff's Mexican counsel Enrique Maldonado that was submitted for the purpose of detailing the basis for Plaintiff wage claim to be tried in this Court but not fully to support the applicability of the Jones Act or fully to defend against a claim of *res judicata* or collateral estoppel barred Plaintiff's claims. Defendant had to clearly know that expert reports were due when they received Plaintiff's reports.

To prevent Plaintiff from obtaining Mr. Lopez' expert witness file, from investigating previous testimony by Mr. Lopez, deposing Mr. Lopez [see FRCP Rule 26(b)(4)(a)] and obtaining rebuttal reports from additional Mexican law experts, Defendants told Plaintiff that if they were going to use Mr. Lopez as an expert, they would provide Plaintiff with a report as soon as they received it from Mr. Lopez. In "DEFENDANTS' DISCLOSURE OF EXPERT WITNESS INFORMATION," dated November 30, 2011, Defendants stated:

> Defendants . . .hereby designate the following experts that they may and currently intend to call at trial of this matter based upon the current issues to be tried in this action:
>
> David Lopez, Esq.
> Pullman, Cappucio, Pullen & Benson, LLP
> 2161 NW Military Hwy., Ste. 400
> San Antonio, TX 78213
> (210) 222-9494
>
> It is anticipated that Mr. Lopez will testify as to his expert opinion regarding Mexican law and procedure, including but not limited to due process, relief available under Mexican law, and the applicability of Mexican law to Plaintiff's claims. Mr Lopez has not completed his review of the records in this matter. Therefore, he has not prepared or issued a report.

---

requests leave to file said sur-reply brief.

**Should he issue a report after his review of records, it will be provided to Plaintiffs upon Defendants' receipt. . . .** (emphasis added).

Defendants' subterfuge worked. Defendant never provided Plaintiff with a report or told Plaintiff it intended to file a motion for summary judgment based upon Mr. Lopez' report without producing same to Plaintiff as promised. This misled Plaintiff into believing that Defendants dropped their contention that Mexican law controlled the claims or that the defenses of *res judicata* or collateral estoppel would be asserted. Plaintiff thought the case would proceed as a normal Jones Act case.

Where there is evidence of willfulness or bad faith or the failure to disclose was within the control of the party, a court will find that the failure to disclose was not with substantial justification particularly where a Judge Magistrate's scheduling order forewarned the parties of the consequence of the failure to comply with the disclosure requirements of FRCP Rule 26(a)(2)(B). *Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 552 (D. Mont. 2005); . *See also*, *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1028 (9th Cir. 2003). In this case, the failure to disclose a report for Mr. Lopez or his file was clearly wilful, was within the control of Defendants and smacks of bad faith. This court has no choice but to find the non-disclosure was without substantial justification.

B. <u>Defendants Refusal or Failure to Provide Plaintiff with Expert Reports Was Not Harmless</u>.

The failure to serve FRCP Rule 26 expert reports is harmful *per se*. *See, Olson v. Montana Rail Link, Inc.*, 227 F.R.D. 550, 552 (D. Mont. 2005). "The purpose for "requiring expert reports is 'the elimination of unfair surprise to the opposing party and the conservation of resources.' " *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 177 F.R.D. at 254; *Redd v. Binder*, 165 F.R.D. 424, 429 (D. N.J. 1996) (quoting *Sylla-Sawdon v. Uniroyal Goodrich Tire Co.,* 47 F.3d 277, 284 (8th Cir. (1995), *cert. denied* 516 U.S. 822 (1995). Nothing causes greater prejudice than to have to guess how and why an adversarial expert reached his or her conclusions. *Lithuanian Commerce Corp. v. Sara Lee Hosiery,* 177 F.R.D. at 254; *Redd v. Binder*, 165 F.R.D. at 430. Whether the non-disclosed information was of major or minor importance bears a lot on the question of harm. The greater the importance the more harm. *Hawkins v. Graceland,* 210 FRD 210, 211 (W.D. TN 2002) Here, the portion of Defendants' MSJ Motion that asserts *res judicata* is based one hundred percent

9

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF
DEFENSE EXPERT DAVID LOPEZ                           CASE NO. 10-CV-280 JAH (BLM)

on the conclusions and suppositions of Mr. Lopez.  Defendants MSJ Motion directed at Plaintiffs Jones Act and U.S. general maritime law claims also depends heavily on Mr. Lopez' opinions.  Obviously, the information, reports and documents withheld from disclosure to Plaintiff pertaining to Mr. Lopez were of major importance.  Defendants' failure to supply an expert report for Mr. Lopez with the documents he relied upon to support his opinions has caused severe irreparable harm to Plaintiff.  Plaintiff's inability to obtain Mr. Lopez' file, to obtain the documents and materials he reviewed in preparing his opinions, to obtain copies of transcripts of prior testimony of Mr. Lopez and to cross examine him at deposition on the foregoing as well as the sweeping conclusions he makes in support of the defense of *res judicata* and the inapplicability of the Jones Act is overwhelming *per se* harmful.  Moreover, Mr. Lopez is a professional expert witness.  Attorney Maldonado is a practicing labor attorney.  Had Plaintiff had been provided with a complete expert report from Mr. Lopez and a copy of his file back in December 2011, Plaintiff would have had time to organize and obtain additional rebuttal opinions from Mexican legal scholars and government officials in Mexico City as well as the Labor Court judge in Ensenada.

## V.    CONCLUSION.

Defendants have willfully and in bad faith engaged in game playing to try to obtain an unfair advantage over Plaintiff.  Defendants should be estopped to benefit from such game playing.  The discovery rules mandated by FRCP Rule 26 and the Amended CMC cannot be ignored.  Moreover, a party should not be allowed to make intentional misrepresentations in its FRCP Rule 26 disclosures and benefit from them.  The two declarations of David Lopez filed in support of Defendants' motion for summary judgment must be stricken under FRCP Rule 37(c) as there is no basis for Defendants to claim that the failure to serve a timely expert report with evidentiary support for Mr. Lopez was with substantial justification or harmless.

Dated: April 30, 2012                    Respectfully submitted,

                                          Banning LLP

                                             S/William L. Banning

                                          William L. Banning
                                          Attorneys for Plaintiff Mauricio Sosa

10

PLAINTIFF'S REPLY TO DEFENDANTS' OPPOSITION TO MOTION TO STRIKE DECLARATION OF DEFENSE EXPERT DAVID LOPEZ                              CASE NO. 10-CV-280 JAH (BLM)